

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00094-CV

---

IN RE BILL ATER AND CODY WYRICK

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Relators Bill Ater and Cody Wyrick have filed a petition for a writ of mandamus complaining of the trial court's October 1, 2021, order requiring them to appear for depositions scheduled on October 6. Because Relators failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.[1]

Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ."). The mandamus record is not certified or accompanied by affidavit, and there is no appendix. As a result, the documents material to Relators' petition for a writ of mandamus are not certified or sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Long*, 607 S.W.3d at 446; citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here,

---

[1] In conjunction with the petition for a writ of mandamus, Relators filed a motion for emergency relief from the trial court's October 1 order. Because we deny the mandamus petition, the emergency motion is also denied.

the mandamus record provided to this Court is insufficient because it does not comply with Rule

52.3(k)(1)(A).

As a result, we deny the petition for a writ of mandamus.


Scott E. Stevens
Justice

Date Submitted:     October 5, 2021
Date Decided:       October 5, 2021